■ In the Matter of the Claim of JOSEPH FERTITTA, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1975, which affirmed a decision of the referee holding that since claimant failed to request a hearing within the statutory period the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits remained in effect. Substantial evidence supports the finding of the board that the notice of determination was mailed to claimant on March 6, 1975. Claimant's request for a hearing was admittedly not mailed until April 12, 1975. (See Labor Law, § 620, subd 1.) Decision affirmed, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of ROBERTA D. KRUMPER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 28, 1975, which affirmed the decision of a referee disqualifying claimant from receiving benefits upon the ground that she lost her employment through her own misconduct. The board found that the claimant, while involved in an argument with her supervisor over vacation dates, challenged her supervisor to fire her and also advised the supervisor that she would take the vacation she wanted anyway and report that illness was the cause of her absence. Claimant's explanation and version of the incident merely presented questions of fact and credibility for the board. Since these questions are solely within the province of the board and its resolution of them is supported by substantial evidence, the determination should be affirmed (Matter of Lester [Catherwood], 30 AD2d 1025). Decision affirmed, without costs. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON TT, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered March 7, 1975, which adjudged defendant to be a youthful offender. Following his plea of guilty to a charge of second degree forgery, defendant, age 17, was adjudicated a youthful offender and was sentenced as such to an indeterminate term of imprisonment of not more than four years. The only issue raised on this appeal is that the sentence is excessive. Absent a clear abuse of discretion by the sentencing court, a sentence will not be disturbed (People v Dittmar, 41 AD2d 788). In this case all of the relevant facts and circumstances were before the court, including a probation officer's report, and we cannot say the court abused its discretion in the sentence imposed. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.